UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHULTERS,<br><br>                             Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADD. OFFICE,<br><br>                             Defendant. | Case No.: 23-CV-1291 JLS (WVG)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) DISMISSING WITHOUT PREJUDICE COMPLAINT FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF Nos. 1, 2, 3) |

Presently before the Court are Plaintiff Michael Shulter's Complaint ("Compl.," ECF No. 1), Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2), and Request for Appointment of Counsel ("Req. for Counsel," ECF No. 3). For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Motion and Request for Counsel **WITHOUT PREJUDICE** and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to pay the filing fees required by 28 U.S.C. § 1914(a).

**MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only

if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As section 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

Plaintiff has not paid the $402 filing fee required to maintain a civil action in this District and instead moves to proceed IFP. Plaintiff submits a form affidavit of assets to support his IFP Motion. *See generally* IFP Mot. Plaintiff attests that he earns no income. *Id.* at 1–2. He claims to have no money in bank accounts. *Id.* at 2. He states that he has monthly expenses of $200 for food and $100 for clothing. *Id.* at 4. However, Plaintiff fails to answer many questions in the IFP Motion. He fails, for example, to provide his employment history, *see id.* at 2, or answer whether he has any cash and how much, *see id.* He does not indicate whether any persons are dependent upon him. *See id.* at 3. And while he indicates that he "expect[s] a[] major change[] to [his] monthly income or expenses or

in [his] assets or liabilities during the next 12 months," he fails to "describe on an attached sheet" the expected change. *Id.* at 5. The instructions on the first page of the IFP Motion are clear, however, that the applicant should "[c]omplete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." *Id.* at 1.

In light of Plaintiff's incomplete attestations, the Court cannot glean whether Plaintiff is able to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Thus, the Court finds that Plaintiff does not allege poverty with particularity, definiteness, or certainty; therefore, he is not entitled to proceed IFP at this time. Accordingly, the Court **DENIES** Plaintiff's IFP Motion. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that cures the above-noted deficiencies.

## REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the Court appoint an attorney to represent him. *See generally* Req. for Counsel. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Further, a court is only empowered to exercise this discretion to appoint counsel if the litigant is "unable to afford counsel." 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person *unable to afford counsel*." (emphasis added)).

The Court finds Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1).  First and most importantly, the Court has determined that Plaintiff has failed to establish, at this juncture, that he is unable to afford counsel, given the incomplete financial information disclosed in his IFP Motion.  Second, even had Plaintiff satisfied this threshold requirement, the Court finds that Plaintiff has not shown that exceptional circumstances merit the appointment of counsel.  Plaintiff's Complaint has not yet been served or answered; accordingly, the likelihood of Plaintiff's success on the merits in this case is unclear.  Further, Plaintiff's filing of a Complaint, an IFP Motion, and a Request for Counsel indicates that Plaintiff has at least a basic understanding of and ability to litigate this action.  Finally, Plaintiff does not indicate whether he made "diligent efforts to obtain legal counsel but [was] unsuccessful because of [his] poverty," Req. for Counsel at 1, and he does not list any attorneys he has approached regarding representation, *see id.* at 2.  Thus, the Court finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time and **DENIES** Plaintiff's Request for Counsel.  However, this denial is **WITHOUT PREJUDICE** should Plaintiff later be able to make the requisite showing of his inability to afford counsel and exceptional circumstances.

## CONCLUSION

In light of the foregoing and good cause appearing, the Court:

1. **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2. **DENIES WITHOUT PREJUDICE** Plaintiff's Request for Appointment of Counsel (ECF No. 3);

3. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

4. **GRANTS** Plaintiff *<u>thirty (30) days</u>* from the date of this Order to either: (1) pay the entire $402 filing fee required to maintain an action is this District; or (2) file a renewed motion to proceed IFP that cures the deficiencies identified by the Court

and demonstrates Plaintiff's poverty with some particularity.[1]  ***Should Plaintiff fail to either pay the filing fee or file a new IFP motion adequately evidencing Plaintiff's poverty, the dismissal of Plaintiff's Complaint will be converted into a dismissal of this civil action without prejudice and without further Order or action from this Court.***

**IT IS SO ORDERED.**

Dated:  July 20, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court reminds Plaintiff that, should he refile an IFP motion that sufficiently assures the Court that he is entitled to IFP status, his Complaint will undergo mandatory pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under section 1915(e)(2)(B), the Court must *sua sponte* dismiss the Complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from immune defendants.